# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION


| | | |
|---|---|---|
| **RALPH CONSOLO** | ) | **CASE NO.1:18CV00742** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **COM-CORP. INDUSTRIES, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter comes before the Court on Defendant Com-Corp. Industries, Inc.

("Com-Corp")'s brief (ECF DKT # 7) and Plaintiff Ralph Consolo's cross-motion (ECF DKT

#8) regarding the applicability of the peer-review process set forth in Com-Corp's Dispute

Resolution Policy. (ECF DKT #7, Ex. 1). For the following reasons, the Court orders the issue

be decided by an arbitrator and dismisses the case.

### Factual and Procedural Background

According to his Complaint, Consolo was injured in a skiing accident on March 4, 2016,

and was approved for short-term disability in April 2016. (ECF DKT #1 at 4). He alleges that,

while on leave, he was fired in violation of the Americans with Disabilities Act, as Amended by

the ADA Amendments Act of 2008 (ADAAA) and Family Medical Leave Act (FMLA). (ECF

DKT #1 at 6–11).

Following his termination, Consolo requested a peer review on July 26, 2016, (ECF DKT

#7, Ex. 2). To date, no peer review has been completed. (ECF DKT # 7 at 2; ECF DKT #8 at 2).

Concurrently, Consolo filed a charge with the Equal Employment Opportunity Commission

(EEOC), and received a Notice of Right to Sue on January 9, 2018. (ECF DKT # 8; ECF DKT #7, Ex. 4 ).  This Notice stated that Consolo had to file a lawsuit within 90 days of receipt or he would lose his right to sue. (ECF DKT #7, Ex. 4 at 1).  Consolo filed a timely Complaint in the Northern District of Ohio. (ECF DKT # 1).

Both parties acknowledge the need to participate in an arbitration process. (ECF DKT # 7 at 5; ECF DKT # 8 at 5).  However, Com-Corp believes that it must first participate in a peer review, as outlined in the company's Dispute Resolution Policy. (ECF DKT # 7, Ex. 1 at 2-3).  Com-Corp argues that policy is unambiguous and that Consolo is bound by his agreement to engage in the process, which includes a peer review. (ECF DKT #7 at 3-4).

Contrarily, Consolo believes that a peer review is not required under the Dispute Resolution Policy and that participating in one would be futile. (ECF DKT # 8 at 2).  Since he filed a claim with the EEOC, Consolo argues that the policy prohibits Com-Corp from requiring him to participate in a peer review. (ECF DKT #8 at 3).  He also argues that engaging in a peer review will serve no useful purpose, current employees who will review the situation are inherently biased, and he will incur a cost to participate in the peer review. (ECF DKT #8 at 4–5).

Com-Corp has asked this Court to require that Consolo participate in a peer review prior to beginning arbitration. (ECF DKT #7 at 1).  Consolo has asked this Court to deem a peer review a futile act and order the parties to binding arbitration. (ECF DKT #8 at 5).

## Law and Analysis

Courts' involvement in arbitration-related matters are generally limited to two instances: 1) whether valid arbitration agreements exist; and 2) whether issues fall within the scope of

arbitration agreements. *Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 597 (6th Cir. 2013).

Alternatively, procedural questions are decided by arbitrators. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) (holding that an arbitrator should decide whether the first two steps of a grievance procedure were completed). These include whether conditions precedent to arbitrability have been fulfilled. R.U.A.A. § 6(c). If arbitration clauses exist, there is a presumption of arbitrability, particularly where the clause is broad. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

Here, both parties agree to binding arbitration. The disagreement arises from whether conditions precedent to arbitration must be fulfilled. This procedural question should be decided by the arbitrator rather than the Court. Support for this determination can be found in both U.S. Supreme Court precedent and the Dispute Resolution Policy itself, which states, "[a]ny dispute, claim or controversy arising out of or relating to this Agreement . . . including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by private arbitration before a single arbitrator." (ECF DKT #7, Ex. 1 at 3).

Since the parties agreed in the Dispute Resolution Policy to "exclusive, final, and binding arbitration," this Court orders that an arbitrator determine the current stage of the dispute resolution process and dismisses this case.

     **IT IS SO ORDERED.**

                             **s/ Christopher A. Boyko**
                             **CHRISTOPHER A. BOYKO**
                             **United States District Judge**

**Dated: November 19, 2018**